## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **SHATTUCK BANCSHARES, INC., and SNB BANK, N.A.** | |
| **Plaintiffs,** | |
| **v.** | **Case No.** CIV-24-677-J _____ |
| **ERIC HANNELIUS, MICHAEL SHVARTSMAN, OKSANA MOORE, KARLA KNIGHT, ELENA POPOVA, JUSTIN SOULEN, BILL MY BNK, LLC, BT ASSETS GROUP, INC., EFT BUSINESS SERVICES, LLC, ENCOMPAY, INC., HANNELIUS-KNIGHT FAMILY TRUST,  MG FAMILY TRUST,  ONE PAY CLOUD, LLC, OST, LLC, PEPPER PAY, LLC, ROCKET HOLDINGS, LLC, SALT MONEY, INC., SKYLIGHT BUSINESS SERVICES, LLC, TRANSACT FIRST, INC., and TRANSACTION PROCESSING SERVICES, INC.,** | (District Court of Ellis County Case No: CJ-2024-9 Judge Jill Carpenter Weedon) |
| **Defendants.** | |

## <u>NOTICE OF REMOVAL</u>

Defendants BT Assets Group, Inc. ("**BT**"), EFT Business Services, LLC ("**EFT**"),

One Pay Cloud, LLC ("**One Pay Cloud**"), OST, LLC ("**OST**"), Pepper Pay, LLC

("**Pepper Pay**"), Skylight Business Services, LLC ("**Skylight**"), Transact First, Inc.

("**Transact First**"), and Transaction Processing Services, Inc., ("**TPS**," and together with

the aforementioned defendant-entities, "**Removing Defendants**") hereby remove this civil

action from the District Court of Ellis County, State of Oklahoma, to the United States

District Court for the Western District of Oklahoma, pursuant to 28 U.S.C. §§ 1332, 1441,

and 1446.  Removal is proper because (1) the amount in controversy exceeds $75,000.00 and (2) the action is between citizens of different states.

## BACKGROUND

1.      On May 24, 2024, Plaintiffs Shattuck Bancshares, Inc. and SNB Bank, N.A. ("**Plaintiffs**") commenced this action by filing their Petition in the District Court of Ellis County, State of Oklahoma, styled *Shattuck Bancshares, Inc., et al. v. Eric Hannelius, et al.*, CJ-2024-9, District Court of Ellis County, State of Oklahoma (the "**State Court Action**").  In their Petition, Plaintiffs seek relief under several breach of contract and tort theories based on defendants' alleged failure to disclose they "had been operating marijuana-related businesses and/or cashless ATMs, in direct contravention of their numerous representations" otherwise.  Exhibit 1, Petition at ¶ 3.  Plaintiffs contend the alleged "actions, omissions, and misrepresentations" of defendants opened Plaintiffs up to government investigations causing them to incur "substantial damages."  *Id.* at ¶ 4.

2.      On or about June 13, 2024, BT, EFT, One Pay Cloud, OST, Skylight, and TPS were each served with the Summons and Petition in the State Court Action.

3.      On or about June 18, 2024, Pepper Pay and Transact First were each served with the Summons and Petition in the State Court Action.

4.      As of the date of filing this Notice of Removal, and to the best of Removing Defendants' knowledge, no other defendants named in this action have been served.

<u>**REMOVAL**</u>

5.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

**I.      Complete Diversity of Citizenship Exists.**

6.      Plaintiffs allege **Shattuck Bancshares, Inc.** is a corporation organized under Oklahoma law with its principal place of business in Shattuck, Oklahoma.  Petition at ¶ 25.  Therefore, for the purposes of diversity jurisdiction, Plaintiff Shattuck Bancshares, Inc. is a citizen of Oklahoma.  *See* 28 U.S.C. § 1332(c)(1).

7.      Plaintiffs allege **SNB Bank, N.A** is a national bank organized under federal law with its principal place of business in Shattuck, Oklahoma.  Petition at ¶ 26.  Therefore, for the purposes of diversity jurisdiction, Plaintiff SNB Bank, N.A. is a citizen of Oklahoma.  *See id*.

8.      Defendant **Eric Hannelius** is a citizen of the United States and is domiciled in Maine.  Therefore, for the purposes of diversity jurisdiction, Eric Hannelius is a citizen of Maine.  *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (citations omitted); *see also* Petition ¶ 5 (alleging "Mr. Hannelius . . . resides in Florida and Maine").

9.      Defendant **Michael Shvartsman** is a citizen of Canada and is domiciled in Florida.  Therefore, for the purposes of diversity jurisdiction, Michael Shvartsman is a citizen of Florida.  *Middleton*, 749 F.3d at 1200; *see also* Petition ¶ 6 (alleging "Mr. Shvartsman . . . resides in Florida").

10.     Defendant **Oksana Moore** is a citizen of the United States and is domiciled in Florida. Therefore, for the purposes of diversity jurisdiction, Oksana Moore is a citizen of Florida. *Middleton*, 749 F.3d at 1200; *see also* Petition ¶ 7 (alleging "Ms. Moore . . . resides in Florida").

11.     Defendant **Karla Knight** is a citizen of the United States and is domiciled in Maine.  Therefore, for the purposes of diversity jurisdiction, Karla Knight is a citizen of Maine. *Middleton*, 749 F.3d at 1200; *see also* Petition ¶ 8 (alleging "Ms. Knight . . . resides in California, Connecticut, Florida, and Maine").

12.     Defendant **Elena Popova** is a citizen of the United States and is domiciled in Florida. Therefore, for the purposes of diversity jurisdiction, Elena Popova is a citizen of Florida.  *Middleton*, 749 F.3d at 1200; *see also* Petition ¶ 9 (alleging "Ms. Popova . . . resides in Florida").

13.     Defendant **Justin Soulen** is a citizen of the United States and is domiciled in Florida. Therefore, for the purposes of diversity jurisdiction, Justin Soulen is a citizen of Florida.  *Middleton*, 749 F.3d at 1200; *see also* Petition ¶ 10 (alleging "Mr. Soulen . . . resides in Florida").

14.     Defendant **Bill My Bnk, LLC** is a limited liability company organized under Delaware law with its principal places of business in Ft Lauderdale, Florida.  For the purposes of diversity, a limited liability company's citizenship is determined by the citizenship of all of its members. *Mgmt. Nominees, Inc. v. Alderney Investments, LLC*, 813 F.3d 1321, 1325 (10th Cir. 2016).  The members of Bill My Bnk, LLC are Defendants Hannelius-Knight Family Trust and Rocket Holdings, LLC.   The members of the

Hannelius-Knight Family Trust are Defendants Eric Hannelius and Karla Knight, who are domiciled in Maine.[1]  *See id.* ¶¶ 5, 8.  The sole member of Rocket Holding, LLC is the MG Family Trust.  The members of the MG Family Trust are Defendant Michael Shvartsman, his wife Alexandra Shvartsman, and their minor children, all of whom are domiciled in Florida.  *See* Petition ¶ 6.  Therefore, for the purposes of diversity jurisdiction, Bill My Bnk, LLC is a citizen of Florida and Maine.  *Mgmt. Nominees*, 813 F.3d at 1325; *Conagra Foods*, 776 F.3d at 1178.

15.     Defendant **BT Assets Group, Inc.** is a corporation organized under Delaware law with its principal place of business in Ft Lauderdale, Florida.  Therefore, for the purposes of diversity jurisdiction, BT Assets Group, Inc. is a citizen of Delaware and Florida.  28 U.S.C. § 1332(c)(1).

16.     Defendant **EFT Business Services, LLC** is a limited liability company organized under Delaware law with its principal place of business in Aventura, Florida. The sole member of EFT Business Services, LLC is Defendant Transact First, Inc. Transact First, Inc. is a corporation organized under Delaware law with its principal place of business in Aventura, Florida.  Therefore, for the purposes of diversity jurisdiction, EFT Business Services, LLC is a citizen of Delaware and Florida.  *Mgmt. Nominees*, 813 F.3d at 1325; 28 U.S.C. § 1332(c)(1).

---

[1] "When the trust itself is a party to litigation, . . . the trust's citizenship is derived from the citizenship of all it members." *Conagra Foods, Inc. v. Americold Logistics, LLC*, 776 F.3d 1175, 1178 (10th Cir. 2015), *as amended* (Jan. 27, 2015), *aff'd sub nom. Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 136 S. Ct. 1012, 194 L. Ed. 2d 71 (2016).

17.     Defendant **Encompay, Inc.** is a corporation organized under Puerto Rico law with its principal place of business in San Juan, Puerto Rico.  Therefore, for the purposes of diversity jurisdiction, Encompay, Inc. is a citizen of Puerto Rico.  28 U.S.C. § 1332(c)(1).

18.     Defendant **Hannelius-Knight Family Trust** is trust organized under Maine law.  For the purposes of diversity, a "trust's citizenship is derived from the citizen of all its members."  *Conagra Foods*, 776 F.3d at 1178.  The members of the Hannelius-Knight Family Trust are Defendants Eric Hannelius and Karla Knight, who are domiciled in Maine.  *See* Petition ¶¶ 5, 8.  Therefore, for the purposes of diversity of jurisdiction, the Hannelius-Knight Family Trust is a citizen of Maine.

19.     Defendant **MG Family Trust** is a trust organized under Florida law.  The members of the MG Family Trust are Defendant Michael Shvartsman, his wife Alexandra Shvartsman, and their minor children, all of whom are domiciled in Florida.  *See* Petition ¶ 6.  Therefore, for the purposes of diversity of jurisdiction, the MG Family Trust is a citizen of Florida.  *Conagra Foods*, 776 F.3d at 1178.

20.     Defendant **One Pay Cloud, LLC**[2] is a limited liability company organized under Delaware law with its principal place of business in Aventura, Florida.  The sole member of One Pay Cloud, LLC is Defendant Transact First, Inc.  Transact First, Inc. is a corporation organized under Delaware law with its principal place of business in Aventura,

---

[2] On January 15, 2024, One Pay Cloud filed its voluntary bankruptcy petition in the United States Bankruptcy Court for the Southern District of Florida, case number 24-10349-LMI, which remains pending.

Florida.  Therefore, for the purposes of diversity jurisdiction, One Pay Cloud, LLC is a citizen of Delaware and Florida.  *Mgmt. Nominees*, 813 F.3d at 1325; 28 U.S.C. § 1332(c)(1).

21.    Defendant **OST, LLC** is a limited liability company organized under Maine law with its principal place of business in Maine.  The members of OST, LLC are Defendant Hannelius-Knight Family Trust, Defendant Michael Shvartsman, and his wife Alexandra Shvartsman.  The members of the Hannelius-Knight Family Trust are Defendants Eric Hannelius and Karla Knight.  Michael and Alexandra Shvartsman are domiciled in Florida.  *See* Petition ¶ 6.  Eric Hannelius and Karla Knight are domiciled in Maine.  *See* Petition ¶¶ 5, 8.  Therefore, for the purposes of diversity jurisdiction, OST, LLC is a citizen of Florida and Maine.  *Mgmt. Nominees*, 813 F.3d at 1325; *Conagra Foods*, 776 F.3d at 1178.

22.    Defendant **Pepper Pay, LLC** is a limited liability company organized under Nevada law with its principal place of business in Aventura, Florida.  The sole member of Peppery Pay, LLC is Defendant Eric Hannelius, who is domiciled in Maine.  *See* Petition ¶ 5.  Therefore, for the purposes of diversity, Pepper Pay, LLC is a resident of Maine. *Mgmt. Nominees*, 813 F.3d at 1325.

23.    Defendant **Rocket Holdings, LLC** is a limited liability company organized under the law of the United States Virgin Islands with its principal place of business in St. Thomas, United States Virgin Islands.  The sole member of Rocket Holdings, LLC is the MG Family Trust.  The members of the MG Family Trust are Defendant Michael Shvartsman, his wife Alexandra Shvartsman, and their minor children, all of whom are

domiciled in Florida.  *See* Petition ¶ 6.  Therefore, for the purposes of diversity jurisdiction, Rocket Holdings, LLC is a citizen of Florida.  *Mgmt. Nominees*, 813 F.3d at 1325; *Conagra Foods*, 776 F.3d at 1178.

24.     Defendant **Salt Money, Inc.** is a corporation organized under Delaware law with its principal place of business in Aventura, Florida.  Therefore, for the purposes of diversity jurisdiction, Salte Money, Inc. is a citizen of Delaware and Florida.  28 U.S.C. § 1332(c)(1).

25.     Defendant **Skylight Business Services, LLC** is a limited liability company organized under Delaware law with its principal place of business in Aventura, Florida. The sole member of Skylight Business Services, LLC is Defendant Transact First, Inc. Transact First, Inc. is a corporation organized under Delaware law with its principal place of business in Aventura, Florida.  Therefore, for the purposes of diversity jurisdiction, Skylight Business Services, LLC is a citizen of Delaware and Florida.  *Mgmt. Nominees*, 813 F.3d at 1325; 28 U.S.C. § 1332(c)(1).

26.     Defendant **Transact First, Inc.** is a corporation organized under Delaware law with its principal place of business in Aventura, Florida.  *See* ¶¶ 17, 21, 26, *supra*. Therefore, for the purposes of diversity jurisdiction, Transaction First, Inc. is a citizen of Delaware and Florida.  *Mgmt. Nominees*, 813 F.3d at 1325; 28 U.S.C. § 1332(c)(1).

27.     Defendant **Transaction Processing Services, Inc.** is a corporation organized under Delaware law with its principal place of business in Aventura, Florida.  Therefore, for the purposes of diversity jurisdiction, Transaction Processing Services, Inc. is a citizen of Delaware and Florida.  28 U.S.C. § 1332(c)(1).

28.     Accordingly, complete diversity of citizenship exists because none of the defendants named in this action are citizens of Oklahoma for purposes of diversity jurisdiction.

**II.     The Amount in Controversy Exceeds $75,000.**

29.     While not specifically pled or demanded in the Petition, the amount in controversy more likely than not exceeds $75,000 given Plaintiffs' swath of contract and tort claims for "substantial damages in the form of reputational harm, lost business resources, missed opportunities, and a lower return on capital," indemnification for "past and future damages and costs," and past and future attorneys' fees and costs incurred in this litigation.  Petition at ¶¶ 159, 166, 172 191, 211, 222, 229, 1-4 (prayer for relief); *see also McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) ("A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal."); *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount.") (citations omitted); *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) ("[W]hen a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship.").

30.     Indeed, Plaintiffs allege in the Petition that their "substantial damages" arise, in part, from unauthorized "push" and "pull transactions" in excess of $8 million and "false

representations regarding approximately $8.4 million in wire transfers." Petition ¶¶ 115, 116, 151, 158, 163, 174, 194, 213, 217.

31.     Accordingly, it is apparent from the face of the Petition that the amount in controversy exceeds $75,000 as required by 28 U.S.C. § 1332. *See McPhail*, 529 F.3d at 955 (to determine the amount in controversy for purpose of diversity jurisdiction, "the defendant may rely on an estimate of the potential damages from the allegations in the complaint") (citations omitted); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

## III.    All Other Procedural Requirements for Removal Have Been Met

32.     The earliest date upon which a Removing Defendant was served with the initial pleadings in the State Court Action was June 13, 2024. Therefore, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed.

33.     Pursuant to 28 U.S.C. § 1446(b)(2)(A), each of the Removing Defendants consents to the removal of the State Court Action to this Court.

34.     Pursuant to 28 U.S.C. § 1446(a), Removing Defendants are removing this case to the United States District Court for the Western District of Oklahoma, which is the district embracing the state judicial district where the State Court Action was filed.

35.     Pursuant to 28 U.S.C. §1446(a) and LCvR 81.2, copies of all documents filed and served in the State Court Action and a copy of the state court docket sheet are attached hereto as Exhibits 1-3. There are no motions currently pending in the State Court Action.

36.     Contemporaneous with the filing of this Notice of Removal, the Removing Defendants will serve written notice of this filing upon Plaintiffs' counsel, and a copy of this Notice will be filed with the Court Clerk of Ellis County in the State Court Action pursuant to 28 U.S.C. § 1446(d).

37.     Removing Defendants reserve their right to amend or supplement this Notice of Removal as allowed by law and further reserve all defenses, including without limitation those set forth in Fed. R. Civ. P. 12(b), as well as its time to answer, move against, or otherwise respond to Plaintiffs' Petition pursuant to Fed. R. Civ. P. 81(c)(2).

## **REQUEST FOR RELIEF**

WHEREFORE, Defendants BT Assets Group, Inc., EFT Business Services, LLC, One Pay Cloud, LLC, OST, LLC, Pepper Pay, LLC, Skylight Business Services, LLC, Transact First, Inc., and Transaction Processing Services, Inc., respectfully request this action be removed from the District Court of Ellis County, Oklahoma, to the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Should any question arise as to this removal, Defendants respectfully request an opportunity to provide additional briefing as to why removal is proper.

Date:  July 3, 2024                    Respectfully submitted,


                                       /s/ *Seth A. Day*
                                       Jon Epstein, OBA No. 13274
                                       Seth A. Day, OBA No. 20670
                                       Carson Glass Lamle, OBA No. 32876
                                       Littleton T. Ellett, IV, OBA No. 34644
                                       **HALL, ESTILL, HARDWICK, GABLE,
                                       GOLDEN & NELSON, P.C.**
                                       100 North Broadway, Suite 2900
                                       Oklahoma City, OK  73102
                                       Telephone:  (405) 553-2828
                                       Facsimile:  (405) 553-2855
                                       jepstein@hallestill.com
                                       sday@hallestill.com
                                       clamle@hallestill.com
                                       tellett@hallestill.com
                                       **ATTORNEYS FOR REMOVING
                                       DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this the 3rd day of July, 2024, this notice was filed with the Clerk of Court using the Electronic Case Filing System, and a full, true, and correct copy was deposited in the regular United States mail, with proper first-class postage fully prepaid thereon, addressed to the following counsel of record:

Lawrence D. Rosenberg
**JONES DAY**
51 Louisiana Avenue, N.W.
Washington, DC 20001.2113
Telephone: (202) 879-3939
ldrosenberg@jonesday.com

and

Ryan E. Price, OBA #19547
**SIMS, PRICE & PRICE, PLLC**
1517 Main Street – P.O. Box 1086
Woodward, OK 73802.1086
Telephone (580) 256-9900

***Attorneys for Plaintiffs***


/s/ Seth A. Day
Seth A. Day

20400255.1:014461.00001