## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHATTUCK BANCSHARES, INC., AND SNB BANK, N.A. <br><br> **Plaintiffs,** <br><br> v. <br><br> ERIC HANNELIUS, MICHAEL SHVARTSMAN, OKSANA MOORE, KARLA KNIGHT, ELENA POPOVA, JUSTIN SOULEN, BILL MY BNK, LLC, BT ASSETS GROUP, INC., EFT BUSINESS SERVICES, LLC, ENCOMPAY, INC., HANNELIUS-KNIGHT FAMILY TRUST,  MG FAMILY TRUST,  ONE PAY CLOUD, LLC, OST, LLC, PEPPER PAY, LLC, ROCKET HOLDINGS, LLC, SALT MONEY, INC., SKYLIGHT BUSINESS SERVICES, LLC, TRANSACT FIRST, INC., AND TRANSACTION PROCESSING SERVICES, INC., <br><br> **Defendants.** | Case No. 5:24-cv-00677-J |

### SPECIAL APPEARANCE AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, IMPROPER SERVICE, AND FAILURE TO STATE A CLAIM AND SUPPORTING BRIEF

This case was removed on July 3, 2024 when several defendants had not yet been served.  The undersigned recently learned that Plaintiffs' counsel claims that service was obtained on defendants Michael Shvartsman ("Shvartsman"), Oksana Moore ("Moore"), Justin Soulen ("Soulen") and MG Family Trust ("MG Family") on June 15, 2024.  Thus, Plaintiffs' counsel insists that the response date for these defendants is July 10, 2024.  While these defendants disagree, Shvartsman, Moore, Soulen and MG Family

("Movants"), in an abundance of caution, hereby specially appear and move to dismiss the claims against them on the grounds of lack of personal jurisdiction, improper service, and failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(2), 12(b)(5), 12(b)(6).  In addition, Plaintiffs improperly named MG Family as a defendant because a trust does not have the capacity to sue or be sued.[1]

Because the Court is able to dismiss Plaintiffs' claims as to Shvartsman, Moore, and Soulen for lack of personal jurisdiction and as to MG Family on the basis it cannot be sued, Movants address these issues first.

### FACTUAL BACKGROUND

1.     Neither Shvartsman, Moore, or Soulen reside, conduct business in, or have otherwise traveled to Oklahoma. Ex. 1, Declaration of Oksana Moore, ¶ 14; Ex. 2, Declaration of Justin Soulen, ¶ 13; Declaration of Michael Shvartsman, ¶ 17.  Nor do Plaintiffs allege otherwise in the Complaint.

2.     Rather, all of Plaintiffs' claims and allegations against Shvartsman, Moore, and Soulen stem from their alleged actions and/or representations made in the course and scope of their employment for the various corporate defendants and/or trusts.  *See e.g.*, Complaint, ¶¶ 30-74, 102-129 [Doc. 1-1].

3.     Moreover, none of the Movants were personally served with process and did not authorize any other individual or entity to accept service on their behalf.  *See* Exs. 1-3.

---

[1] Movants are also aware several of the corporate defendants have filed a motion to transfer this case to the Southern District of Florida, to which they have no objection.  However, given the jurisdictional and service issues addressed herein, Movants specially appear only to address the issues raised herein.

4.     Based on the contents of Plaintiffs' service affidavits[2] and the evidence set forth in Movants' Declarations, there are legitimate concerns with the sufficiency of process.  For one example, the photograph of the "individual identified as Justin Soulen," who was purportedly served with process according Plaintiffs' Affidavit of Service, is Justin Soulen's father, Michael Soulen, who does not reside with or go by the name of "Justin" and is not authorized to accept service on Soulen's behalf.  *See* Ex. 2, Soulen Decl.

5.     Undersigned counsel conferred with Plaintiffs' counsel regarding the various services issues; however, Plaintiffs maintain, over counsel's objection, Movants' deadline to respond is July 10, 2024.  Accordingly, Movants file this motion in an abundance of caution to preserve their objections for lack personal jurisdiction, insufficient service of process, and failure to state a claim.

## ARGUMENTS AND AUTHORITIES

### I.   THE COURT LACKS PERSONAL JURISDCITION OVER SOULEN, MOORE, AND SHVARTSMAN.

Plaintiffs allege Shvartsman is a citizen of Canada with a residence in Florida, Moore is a resident of Florida, Soulen is a resident of Florida, and MG Family is organized under Russian law.  *See* Complaint ¶¶ 6, 7, 10, 16.  They also allege Moore was an authorized signer on defendant Transact First, Inc.'s accounts (*id.* ¶ 39), that Shvartsman and Moore completed certain documents for some corporate defendants (*id.* ¶ 56), and that Moore acted on behalf of certain corporate defendants (*id.* ¶¶ 112-151, 163). There are no

---

[2] Each of the Affidavits of Service are attached to the corresponding Movant's Affidavit as Exhibit A.

allegations that Shvartsman, Moore or Soulen took any action in Oklahoma or otherwise in their personal capacity.  Indeed, they have not.  *See* Ex. 1, Moore Decl., ¶ 14; Ex. 2, Soulen Decl., ¶ 13; Ex. 3, Shvartsman Decl., ¶ 17.

Federal courts may exercise personal jurisdiction over a defendant "who is subject to the jurisdiction of a [state] court . . . in the state where the [federal] court is located." Fed. R. Civ. P. 4(k)(1)(A).  This requires courts to focus first on state law, and particularly, the relevant state's long-arm statute.  That statute establishes the extent to which the state intends its courts to exercise jurisdiction over nonresidents.  *Newsome v. Gallacher*, 722 F.3d 1257, 1264 (10th Cir. 2013).  The Oklahoma legislature has authorized Oklahoma courts to "exercise jurisdiction on any basis consistent with the Constitution of this state and the Constitution of the United States." Okla. Stat. tit. 12, § 2004(F).

To exercise jurisdiction in harmony with due process, defendants must have "minimum contacts" with the forum state, such that having to defend a lawsuit there would not "offend traditional notions of fair play and substantial justice." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  As a general matter, then, if a nonresident party has "continuous and systematic general business contacts with the forum state," general personal jurisdiction might exist. *Trujillo v. Williams*, 465 F.3d 1210, 1218 n.7 (10th Cir. 2006) (internal quotation marks omitted).  The Complaint does not suggest that any defendant has sufficient systematic contacts with Oklahoma to warrant general personal jurisdiction there.  Thus, in this case, personal jurisdiction must be determined upon

4

whether Plaintiffs can establish specific personal jurisdiction—i.e., jurisdiction specific to this dispute—and its attendant "minimum contacts" test. *Newsome*, 722 F.3d at 1264.

"Because a state's sovereignty is territorial in nature, a defendant's contacts with the forum state must be sufficient such that, notwithstanding its lack of physical presence in the state, the state's exercise of sovereignty over it can be described as fair and just." *Dudnikov*, 514 F.3d at 1070. To implement this principle, courts typically make three inquires: (1) whether the defendant purposefully directed its activities at residents of the forum state; (2) whether the plaintiff's injury arose from those purposefully directed activities; and (3) whether exercising jurisdiction would offend traditional notions of fair play and substantial justice. *Id.*

This Court does not have personal jurisdiction over the individual defendants. For example, the allegation against Florida resident Justin Soulen is that he is the Vice President, Cashier and Associate General Counsel of Defendant Pepper Pay and represented via email that Pepper Pay advised that "no" should be selected on its Account Practice Questionnaire because Pepper Pay is "not plant-touching in any capacity." Complaint, ¶ 67; *see also id.*, Exhibit R [Doc. 1-1, p. 137-38]. That does not subject Mr. Soulen to jurisdiction in Oklahoma. There are no allegations that Mr. Soulen was acting in his personal capacity when he sent that email on behalf of Pepper Pay. He has never done business in Oklahoma and has never even been in Oklahoma. Ex. 2, Soulen Decl., ¶ 13.

Courts are split regarding whether out-of-state legal work on an out-of-state matter can subject an out-of-state lawyer to personal jurisdiction in the client's home forum.

*Newsome v. Gallacher*, 722 F.3d 1257, 1280 (10th Cir. 2013).  The majority view answers this query in the negative.  *Id*.  Representing a client residing in a distant forum is not necessarily a purposeful availment of that distant forum's laws and privileges.  *Id*.  The Tenth Circuit adopted the majority view.  *Id*.  Accordingly, the Court does not have personal jurisdiction over Mr. Soulen.

As for Movants Shvartsman and Moore, there is no allegation that they took any action that could justify personal jurisdiction.  They do not have sufficient contacts in Oklahoma, they do no personal business in Oklahoma, and they have never been to Oklahoma.  Ex. 1, Moore Decl., ¶ 14; Ex. 3, Shvartsman Decl., ¶ 17.  To the extent that they signed a document on behalf of a corporate defendant, that does not justify personal jurisdiction over them.

"[T]he no-imputed-contacts rule is integral to the minimum contacts due process test."  *Newsome*, 722 F.3d at 1275.  In *Newsome*, the Tenth Circuit explained:

> Jurisdiction over a corporation in a particular forum does not automatically confer jurisdiction over that corporation's employees. If, for example, a Kansas company markets a defective product in Oklahoma and the product ends up injuring an Oklahoma resident, that is usually enough to confer personal jurisdiction over the company in Oklahoma courts in the ensuing product liability suit. But under the no-imputed-contacts rule, Oklahoma's jurisdiction over the company does not necessarily give Oklahoma jurisdiction over the company's Kansas employees. Employees' "contacts with [the forum state] are not to be judged according to their employer's activities there."

*Id.* (quoting *Calder v. Jones*, 465 U.S. 783, 790 (1984)).

The no-imputed-contacts rule prevents courts from attributing Oklahoma contacts to the Movants solely because the corporate defendants that they own or for whom they

work had contacts in Oklahoma. *Newsome*, 722 F.3d at 1276. Accordingly, the Court should grant this Motion for lack of personal jurisdiction.

## II.   MG FAMILY WAS IMPROPERLY NAMED AS A DEFENDANT.

In the Complaint, Plaintiffs named MG Family as a defendant based on an account Plaintiff alleges Shvartsman opened on its behalf. Complaint, ¶ 61. However, that trust lacks the capacity to be sued. When a trustee makes a contract on behalf of a Trust and a cause of action arises thereon, the Plaintiff may sue the trustee in his representative capacity. Okla. Stat. tit. 60, § 175.18.

The overwhelming weight of authority is clear that "[t]he trustee is the proper party defendant in a suit involving a trust, and a trust generally is not recognized as a separate legal entity with the capacity to be sued in its own name." *Trident Tr. Co. (UK) v. Anglo-Am. Credit Union, Inc.*, No. 1:07CV893, 2008 WL 2599891, at *2 (S.D. Ohio June 26, 2008); *see also* Okla. Stat. tit. 60, § 175.18 ("The party in whose favor the cause of action has accrued may sue the trustee in his representative capacity . . . ."); Okla. Stat. tit. 60, § 175.24(A)(5) ("In the absence of contrary or limiting provisions in the trust agreement or a subsequent order or decree of a court of competent jurisdiction, the trustee of an express trust is authorized…[t]o compromise, contest, arbitrate, or settle any and all claims of or against the trust estate or the trustee as such."); *Coverdell v. Mid-S. Farm Equip. Ass'n*, 335 F.2d 9, 13 (6th Cir. 1964) ("As a general rule, it does appear that in suits against a trust, the trustee is the proper party defendant."); *Colorado Springs Cablevision, Inc. v. Lively*, 579 F. Supp. 252, 253 (D. Colo. 1984) (a trust lacks capacity to be sued); *Irwin Union Collateral Inc. v. Peters & Burris, LLC*, No. CV09605-PHXMHM, 2009 WL

5184902, at *3 (D. Ariz. Dec. 22, 2009) ("The vast majority of jurisdictions appear to favor the traditional rule that trusts lack the capacity to sue or be sued."); *Ray Malooly Tr. v. Juhl*, 186 S.W.3d 568, 570 (Tex. 2006) ("suits against a trust must be brought against its legal representative, the trustee."). Accordingly, MG Family should be dismissed from this case.

## III. PLAINTIFFS FAILED TO PROPERLY SERVE PROCESS ON MOVANTS.

The Court, in its discretion, may dismiss an action for insufficient service of process or otherwise quash insufficient service and direct proper service be made. *George v. U.S. Dep't of Lab., Occupational Safety & Health Admin.*, 788 F.2d 1115, 1116 (5th Cir. 1986); *Haley v. Simmons*, 529 F.2d 78, 79 (8th Cir. 1976); Fed. R. Civ. P. 12(b)(5). Once a defendant has alleged insufficient service of process, the plaintiff has the burden of establishing that the service of process was sufficient. *See Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992). In this case, service of process is proper upon individuals only by (1) serving the summons in a manner permitted by Oklahoma[3] or Florida[4] law, (2) delivering a copy of the summons and complaint to the

---

[3] Under Oklahoma law, service on individuals shall be made (1) upon an individual 15 years of age or older by delivering a copy of the summons and of the petition personally, (2) by leaving copies thereof at the person's dwelling house or usual place of abode with some person then residing therein who is 15 years of age or older, (3) by delivering a copy of the summons and of the petition to an agent authorized by appointment or by law to receive service of process, or (4) by delivering a copy of the summons and of the petition personally or by leaving copies thereof at an agreed meeting place with some person then residing at the person's dwelling house or usual place of abode." Okla. Stat. tit. 12, § 2004(C)(1)(c)(1).

[4] Under Florida law, service on individuals is proper if made by (1) delivering a copy of original process to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or (2) by leaving the copies at his or her usual place of abode with

individual personally, (3) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or (4) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.  Fed. R. Civ. P. 4(e).  The manner in which Plaintiffs attempted service upon each of the Movants did not comport with any of these service methods.  Thus, Plaintiffs' service of process is defective and the Complaint subject to dismissal.

First, contrary to the assertions in the Affidavit of Service, defendant Oksana Moore was not home when the process server attempted service.  *See* Ex. 1, Moore Decl., ¶ 7. The process server's affidavit claims he served Moore at her apartment on June 15, 2024 at 11:14 a.m. by offering the pleadings to a person he believed to be Moore and, upon that person's refusal, leaving them outside the door.  *See* Ex. 1A, Affidavit of Service. However, more than an hour before the process server claims he attempted service, Moore had already left for her doctor's appointment with her children and did not return home until several hours after the process server left.  *See* Ex. 1, Moore Decl., ¶¶ 7-12 (attaching text messages and receipts as proof of the doctor's appointment and lunch out with her children thereafter).  Further, no one else was at Ms. Moore's apartment while she was out, so no one could have accepted service on her behalf.  *Id.* at ¶ 12.  And merely leaving service papers at the defendant's door is not enough to constitute valid service under Rule 4 or Oklahoma or Florida law.

---

any person residing therein who is 15 years of age or older and informing the person of their contents.  Fla. Stat. Ann. § 48.031.

Second, Justin Soulen was in Europe on June 15, 2024, when Plaintiffs' process server claims he handed the pleadings "to an individual identified as Justin Soulen." Ex. 2A, Affidavit of Service; Ex. 2, Soulen Decl., ¶¶ 5-6 (attaching Mr. Soulen's flight itinerary and confirmation). In reality, the individual Plaintiffs' process server "served" was Justin Soulen's father, Michael Soulen, who neither lives with Justin Soulen nor goes by the name of "Justin." *Id.* at ¶¶ 7-10. On the date of purported service, Justin's father and mother were taking care of Justin's minor children while he vacationed in Europe with his wife. *Id.* at ¶ 7. Because Justin's parents neither reside at his residence nor were authorized to accept service on his behalf, service of process was insufficient under Rule 4, Oklahoma law, and Florida law.

Third, neither Michael Shvartsman nor anyone authorized to accept service on his behalf was present at the property where Plaintiffs' process server claims "an individual identified as Michael Shvartsman" on June 15, 2024, both individually and as "Registered Agent" of MG Family.[5] Ex. 3A, Affidavit of Service; Ex. 3, Shvartsman Decl, ¶¶ 12-14. In fact, the property where Shvartsman was allegedly served has been undergoing renovations for over a year, and such renovations were ongoing on June 15, 2024. Ex. 3, Shvartsman Decl., ¶ 7; *see also* Affidavit of Service (attaching picture of property undergoing construction renovations). Due to the ongoing renovations, Shvartsman has

---

[5] Even assuming Plaintiffs could establish sufficient service of process upon Shvartsman as "Registered Agent" of MG Family (which they cannot), it would be inconsequential because MG Family Trust it is not a proper party defendant. As explained in Section II, *supra*, a trust does not have the capacity to sue or be sued. Instead, Plaintiffs' must bring their claims against the trustee of the MG Family Trust and then properly serve the same.

not resided at the property either before or after June 15, 2024, and was not at the property on June 15, 2024. *Id.* at ¶¶ 8-9.  In fact, the only individuals that would have been lawfully on the property on June 15, 2024 would have been construction workers involved in the renovation work, none of whom are authorized to accept documents on behalf of Shvartsman. *Id.* at ¶ 13.  It is further apparent from the process server's description of the individual he "served" was, in fact, not Shvartsman at all.  *id.* at ¶ 15.

In sum, none of Plaintiffs' service attempts on the Movants comport with Rule 4(e) or Oklahoma and Florida law, and, in light of Movants' declarations, the process server's sworn affidavits do not establish otherwise. Accordingly, the Court should dismiss the action or otherwise quash the insufficient service.

## IV.   PLAINTIFFS' SEVENTH AND EIGHTH CAUSES OF ACTION FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Thus, the "burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citation omitted).

A. **Plaintiffs' claim for tortious interference fails because there are no allegations of an impaired economic relationship.**

Plaintiffs' seventh claim is for tortious interference against all defendants. In paragraphs 223 through 229, Plaintiffs set forth its specific allegations as to tortious interference but fails to allege the critical component necessary to state a claim for tortious interference: a valid business expectancy. *Hetronic Int'l, Inc. v. Rempe*, 99 F. Supp. 3d 1341, 1350 (W.D. Okla. 2015). Instead, Plaintiffs simply allege that it had to "investigate and explain fraudulent and otherwise improper transactions as part of multiple ongoing government investigations and examinations." Complaint at ¶ 224. Nowhere do Plaintiffs allege that any conduct of any defendant led to Plaintiffs losing a valid business expectancy.

Oklahoma "recognizes a tortious interference claim with a contractual or business relationship if the plaintiff can prove (1) the interference was with an existing contractual or business right; (2) such interference was malicious and wrongful; (3) the interference was neither justified, privileged nor excusable; and (4) the interference proximately caused damage." *Wilspec Technologies, Inc. v. DunAn Holding Group, Co., Ltd*., 204 P.3d 69, 74 (Okla. 2009) (citations omitted). "To show the existence of a valid business relationship or expectancy, '[defendant] must show either that prospective economic advantage would have been achieved had it not been for such interference or that there was, in view of all the circumstances, a reasonable assurance thereof.'" *Hetronic Intern., Inc. v. Rempe*, 99 F.Supp.3d 1341, 1350 (citing *Optima Oil & Gas Co., L.L.C. v. Mewbourne Oil Co*., 2009 WL 1773198, at *8 (W. D. Okla. 2009)) (other citations omitted). At its core, a claim for

tortious interference with prospective economic relationship "involves interference with some type of reasonable expectation of profit" and "interference with a contractual relationship results in loss of a property right." *Overbeck v. Quaker Life Ins. Co*., 757 P.2d 846, 847-8 (Okla. Civ. App. 1984).

Here, just as in *Hetronic*, the Complaint "contains no allegations showing [Plaintiffs] had a 'reasonable assurance' of obtaining the prospective business relations" with anyone. *Id.* at 1350. "Neither does [it] identify which prospective customer relationships were interfered with or how the actions of [any of the Movants] caused the interference." *Id.* Indeed, Plaintiffs fail to specify a singular contract or business expectation that was interfered with by any of Movants. Because Plaintiffs did not plead any prospective or actual customer relationships with anyone that were terminated as a result of Movants' conduct, let alone even allege that Plaintiffs had such relationships, Plaintiffs failed to state a tortious interference claim. Therefore, Plaintiffs' seventh claim must be dismissed. Fed. R. Civ. P. 12(b)(6).

**B.**   **Plaintiffs' claim for violation of the Oklahoma Deceptive Trade Practices Act fails because Plaintiffs and Movants are not competitors.**

Plaintiffs' eighth claim – violation of the Oklahoma Deceptive Trade Practices Act, Okla. Stat. tit. 78, § 51 *et seq.* ("ODTPA") – fails because Movants are not in competition with Plaintiffs. "It has been definitively established that [the Deceptive Trade Practices Act] ***protect[s] competing business interests*** and do[es] not present a basis for suit by consumers." *Conatzer v. American Mercury Insurance Company, Inc*., 15 P.3d 1252, 1254 (Okla. Civ. App. 2000) (emphasis supplied). Thus, in *Thomas v. Metropolitan Life Ins.*

*Co.*, 540 F. Supp. 2d 1212 (W. D. Okla. 2008) the court dismissed the plaintiffs' claim for violation of the ODTPA because "there are no allegations that plaintiffs are businesses in competition with [defendant] as required by the ODTPA." *Id.*, at 1228. The district court further denied leave to amend because "even if amendment were allowed, plaintiffs could not allege that they are competitors of [defendant]." *Id.*

Here, Plaintiffs fail to allege they are in competition with or have competing business interests against any of the Movants. Moreover, based upon Plaintiffs' allegations of illegal activity, it is doubtful Plaintiffs would ever allege that it was in competition with Movants. Accordingly, Plaintiffs' eighth claim should be dismissed without leave to amend.

Date:  July 10, 2024                    Respectfully submitted,


                                        /s/ *Seth A. Day*
                                        Jon Epstein, OBA No. 13274
                                        Seth A. Day, OBA No. 20670
                                        Carson Glass Lamle, OBA No. 32876
                                        Littleton T. Ellett, IV, OBA No. 34644
                                        **HALL, ESTILL, HARDWICK, GABLE,
                                        GOLDEN & NELSON, P.C.**
                                        100 North Broadway, Suite 2900
                                        Oklahoma City, OK  73102
                                        Telephone:  (405) 553-2828
                                        Facsimile:  (405) 553-2855
                                        jepstein@hallestill.com
                                        sday@hallestill.com
                                        clamle@hallestill.com
                                        tellett@hallestill.com
                                        **ATTORNEYS FOR SPECIALLY
                                        APPEARING MOVANTS**

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Ryan E. Price

I further certify that on July 10, 2024, I served the same document by United States mail, with proper postage fully paid thereon, on the following, who are not registered participants of the ECF system:

Lawrence D. Rosenberg
**JONES DAY**
51 Louisiana Avenue, N.W.
Washington, DC 20001.2113
Telephone: (202) 879-3939
ldrosenberg@jonesday.com

/s Seth A. Day
Seth A. Day

20414658.1:014461.00001

15